UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BHAVIKA JAYESHKUMAR PATEL,       )
                                 )
        Plaintiff,               )
                                 )    CIVIL ACTION NO.
VS.                              )
                                 )    3:15-CV-3027-G
TRACY TARANGO, in her official   )
capacity as District Director of the Dallas )
District Office of the U.S. and  )
Immigration Services, ET AL.,    )
                                 )
        Defendants.              )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Tracy Tarango, in her official capacity as District Director of the Dallas District Office of the United States and Immigration Services, and United States Citizenship and Immigration Services (collectively, "USCIS") to dismiss the claims of the plaintiff Bhavika Jayeshkumar Patel ("Patel") pursuant to FED. R. CIV. P. 12(b)(1). For the reasons stated below, the motion is granted.

I. BACKGROUND

On June 10, 1990, Patel was born in India. Complaint ¶ 10 (docket entry 1). On May 19, 2009, Patel immigrated to the United States as a lawful permanent resident ("LPR"). *Id*.

With her permanent resident status set to expire on May 9, 2011, Patel filed a Form I-90 ("I-90") application for a renewed LPR card in late 2010. *Id.* ¶ 24. When USCIS did not act on that application, Patel filed a second I-90 on November 3, 2013. *Id*.

On July13, 2012, Patel filed a N-400 Application for Naturalization ("N-400"). *Id.* ¶ 15. On October 2, 2013, USCIS denied Patel's N-400 because Patel "lacked the requisite good moral character." *Id.* ¶ 23. Patel subsequently filed a Form N-336 in which she administratively appealed the denial of her N-400. USCIS later denied Patel's N-336.

On September 16, 2015, Patel brought the instant suit, seeking an order requiring USCIS to issue her a renewed LPR card and to find that she is qualified for naturalization. Specifically, Patel claims that USCIS wrongfully denied her I-90 and N-400 applications. She asserts that the court has jurisdiction under 5 U.S.C. §§ 701-02, 28 U.S.C. §§ 1331 and 1361, and 8 U.S.C. §§ 1421(c) and 1447(b). *See generally* Complaint. Conversely, USCIS contends that this court only has jurisdiction under 8 U.S.C. § 1421(c). Motion to Dismiss Complaint ("Motion") at 4 (docket

entry 12).  On March 22, 2016, USCIS moved to dismiss Patel's claims pursuant to FED. R. CIV. P. 12(b)(1) and (12)(b)(6).  Patel did not respond to the motion.

## II.  ANALYSIS

Federal courts are courts of limited jurisdiction.  See *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978).  A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States.  *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377.  Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Moreover, a party seeking relief in a federal district court bears the burden of establishing the subject matter jurisdiction of that court.  *United States v. Hays*, 515 U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of*

*Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413). Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071.

     USCIS granted Patel's I-90 after she filed her complaint. Thus, USCIS asserts that Patel's claims regarding USCIS's failure to timely adjudicate her I-90 and for unlawfully denying her I-90, "while alive at the time she filed suit, are now moot. After the filing of the complaint, USCIS granted her Form I-90, and Patel received

her new LPR card, or "green card," in early March 2016.  Her claims being moot, the Court lacks jurisdiction to consider them."  Motion at 4.

Similarly, USCIS contends that Patel's claim that USCIS failed to timely adjudicate her N-400 is moot because the naturalization application was adjudicated prior to the filing of this lawsuit.  Section 8 U.S.C. 1447(b) provides a remedy to a naturalization applicant where USCIS fails to adjudicate the N-400 within 120 days of the interview.  8 U.S.C. § 1447(b).  In addition, however, this 8 U.S.C. § 1447(b) only applies to cases in which USCIS fails to decide a naturalization application within 120 days of the interview but also fails to adjudicate the N-400 prior to a plaintiff filing suit.  See *Martinez v. Johnson*, 104 F. Supp.3d 835, 839 (W.D. Tex. 2015).  Patel admits that USCIS denied her N-400 almost two years before she filed this lawsuit, and that the appeal was denied more than a year before she filed her complaint.  *See* Complaint ¶¶ 23, 27.  Thus, Patel's claim under 8 U.S.C. § 1447(b) is denied as moot.

The plaintiff bears the burden of establishing the subject matter jurisdiction of this court.  See *Hays*, 515 U.S. at 743.  Moreover, "[b]ecause there is no presumption in favor of federal court jurisdiction and that jurisdiction is limited," the plaintiff must affirmatively show the basis for jurisdiction.  *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 533 (5th Cir. 1980).  Patel failed to respond to USCIS's challenges to this court's jurisdiction.  Thus, Patel has failed to

meet her burden of establishing that this court possesses subject matter jurisdiction over her claims. See *Hays*, 515 U.S. at 743; *Kirkland Masonry, Inc.*, 614 F.2d at 533. Accordingly, USCIS's motion to dismiss all of Patel's claims with the exception of Patel's claim under 8 U.S.C. § 1421(c) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.[*]

### III. CONCLUSION

For the reasons discussed, USCIS's motion to dismiss Patel's claims for lack of subject matter jurisdiction is **GRANTED**.

**SO ORDERED.**

June 22, 2016.

*A. Joe Fish*

**A. JOE FISH**
**Senior United States District Judge**

---

[*] USCIS concedes that this court has jurisdiction over Patel's claim under 8 U.S.C. § 1421(c). Motion at 4.