UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BHAVIKA JAYESHKUMAR PATEL, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>TRACY TARANGO, in her official )<br>capacity as District Director of the Dallas )<br>District Office of the U.S. and )<br>Immigration Services, ET AL., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br><br>3:15-CV-3027-G |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Tracy Tarango, in her official capacity as District Director of the Dallas District Office of the United States and Immigration Services, and United States Citizenship and Immigration Services (collectively, "USCIS") to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), the claim under 8 U.S.C. § 1421(c) brought by the plaintiff Bhavika Jayeshkumar Patel ("Patel").  For the reasons stated below, the motion is granted.

I. BACKGROUND

On June 10, 1990, Patel was born in India. Complaint ¶ 10 (docket entry 1). On May 19, 2009, Patel immigrated to the United States as a lawful permanent resident ("LPR"). *Id.*

With her permanent resident status set to expire on May 9, 2011, Patel filed a Form I-90 ("I-90") application for a renewed LPR card in late 2010. *Id.* ¶ 24. When USCIS did not act on that application, Patel filed a second I-90 on November 3, 2013. *Id.*

On July13, 2012, Patel filed a N-400 Application for Naturalization ("N-400"). *Id.* ¶ 15. On October 2, 2013, USCIS denied Patel's N-400 because Patel "lacked the requisite good moral character." *Id.* ¶ 23. Patel subsequently filed a Form N-336 in which she administratively appealed the denial of her N-400. USCIS later denied Patel's N-336. *Id.* ¶ 25.

On September 16, 2015, Patel brought the instant suit, seeking an order requiring USCIS to issue her a renewed LPR card and to find that she is qualified for naturalization. On March 22, 2016, USCIS moved to dismiss Patel's claims pursuant to FED. R. CIV. P. 12(b)(1) and (12)(b)(6). Patel did not respond to the motion. On June 22, 2016, this court granted USCIS's motion to dismiss all of Patel's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) with the exception of Patel's claim under 8 U.S.C. § 1421(c). *See* Memorandum Opinion and Order (docket entry

13).  Furthermore, this court converted USCIS's motion to dismiss Patel's 8 U.S.C. § 1421(c) claim to a motion for summary judgment pursuant to FED. R. CIV. P. 12(d) and set a briefing schedule.  *See* Order (docket entry 14).  Patel failed to respond to the motion for summary judgment.

## II.  ANALYSIS

### A.  Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.[1]  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movants make such a showing by informing the court of the basis of their motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movants make this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Id.* at 323-24.  To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the

---

[1] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

material facts.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  Instead, she must show that the evidence is sufficient to support a resolution of the factual issue in her favor.  *Anderson*, 477 U.S. at 249.  All of the evidence must be viewed, however, in a light most favorable to the motion's opponent.  *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

### B.  8 U.S.C. § 1421(c)

Pursuant to the Immigration and Nationality Act, the denial of a naturalization application is reviewed *de novo* by a district court, and the court shall make its own findings of fact and conclusions of law.  8 U.S.C. § 1421(c).  An applicant seeking naturalization bears the burden of establishing "eligibility for citizenship in every respect."  *Immigration and Naturalization Service v. Pangilinan*, 486 U.S. 875, 886 (1988) (quoting *Berenyi v. District Director, Immigration and Naturalization Service*, 385 U.S. 630, 637 (1967)); 8 C.F.R. § 316.2(b) ("The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization . . .").  "[W]hen doubts exist concerning a grant of [citizenship], generally at least, they should be resolved in favor of the United States and against the claimant."  *United States v. Manzi*, 276 U.S. 463, 467 (1928) (citation omitted).

To be eligible for naturalization, an applicant must show that she, for all relevant time periods, "has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed toward the good order and happiness of the United States." 8 U.S.C. § 1427(a)(3); *see also* 8 C.F.R. § 316.2(a)(7). The statutory period for which good moral character is required is not limited to the five year period before the application for naturalization is filed and continues until the administration of the oath of allegiance. 8 U.S.C. §§ 1427(a), (e); *see also* 8 C.F.R. § 316.10(a)(1).

Determinations of good moral character must be made "on a case-by-case basis taking into account the elements enumerated in [8 C.F.R. § 316.10] and the standards of the average citizen in the community of residence." 8 C.F.R. § 316.10(a)(2); see also *Brukiewicz v. Savoretti*, 211 F.2d 541, 543 (5th Cir. 1954). The burden is on the applicant to demonstrate that she has been and continues to be a person of good moral character. *See* 8 C.F.R. § 316.10(a)(1). The standard of good moral character for naturalization purposes, is that "petitioner's character must measure up to that of the average citizen in the community in which [s]he resides . . . ." *Brukiewicz*, 211 F.2d at 543. In making this determination, "wide discretion is vested in the trial judge." *Id.*

USCIS contends that it correctly denied Patel's N-400 application, and that Patel's claim under 8 U.S.C. § 1421(c) should be dismissed as Patel has failed to

demonstrate that she is eligible for naturalization.  Motion to Dismiss Complaint ("Motion") at 5-11 (docket entry 12).  Specifically, USCIS avers that "Patel was arrested three times for the Class A misdemeanor of operating a sexually-oriented business without a license, specifically, renting rooms for a period of less than 10 hours." *Id.* at 7; *see also* exhibits attached to Complaint.  USCIS contends that "[b]ased on . . . documents attached to Patel's complaint . . ., Patel committed at least two unlawful acts, and was convicted and imprisoned for one of them, during the statutory period."  Motion at 8.[2]  Patel failed to respond to USCIS's motion to dismiss Patel's § 1421(c) claim.

The court, having reviewed the evidence, finds that Patel has failed to satisfy her burden of proving that she is eligible for naturalization, and that she does not measure up to the average citizen in the community as a person of good moral character.  Accordingly, USCIS's motion to dismiss the claim brought by Patel under 8 U.S.C. § 1421(c) is granted.

---

[2]   In April 2012, three months before she submitted her N-400, Patel was arrested a second time for operating a sexually-oriented business without a license and then arrested in third time in September 2012 for the same offense.  Motion at 7.  The court dismissed Patel's September 2012 offense as part of Patel's agreement to plead *nolo contendere* to the April 2012 offense.  *Id.* at 8.

### III. CONCLUSION

For the reasons discussed, the court finds that USCIS properly denied Patel's N-400, and her petition for review of that decision is **DISMISSED**. Accordingly, USCIS's motion to dismiss the claim brought by Patel under 8 U.S.C. § 1421(c) is **GRANTED**.

SO ORDERED.

July 27, 2016.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**